**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY**<br>700 Quaker Lane<br>Warwick, RI 02886-6681<br><br>            **Plaintiff**<br>     v.<br><br>**OUR BOARD BOUTIQUE, LLC**<br>72 Kingwood Stockton Road<br>Stockton, NJ, 08559<br><br>            **Defendant** | **CIVIL ACTION**<br><br>**NO.** 21-15848<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Metropolitan Group Property and Casualty Insurance Company, by and through its undersigned counsel, demands judgment against defendant Our Board Boutique, LLC and complains against it as follows:

## PARTIES

1. Plaintiff Metropolitan Group Property and Casualty Insurance Company ("Plaintiff") is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 700 Quaker Lane, Warwick, RI 02886-6681

2. At all times relevant hereto, Plaintiff provided property insurance to Rosemary S. Bradshaw and John Bradshaw (the "Bradshaws" or "Subrogors") in connection with their property located at 72 Kingwood Stockton Road, Stockton, NJ 06553 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Plaintiff became subrogated to certain recovery

rights and interests of the Bradshaws for monies paid thereunder, including the claims giving rise to this action.

4. Our Board Boutique, LLC ("Our Board Boutique" or "Defendant") is a limited liability company whose members are, upon information and belief, John Bradshaw (an adult individual and citizen of New Jersey), Chelsea Bradshaw (an adult individual and citizen of New Jersey), and Chloe Bradshaw (an adult individual and citizen of Maryland). At all times relevant hereto, Our Board Boutique was engaged in the business of, *inter alia,* the design, shipment and sale of wood products.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) and (2) in that Defendant resides in this district and the events and/or omissions giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. On or around November 3, 2020 a member, employee and/or agent of Our Board Boutique, acting within the course and scope of his or her ownership, employment or agency, disposed of and burned boxes belonging to Defendant in a metal trash can on the subject property.

8. The member, employee and/or agent then poured the embers and ashes into a regular trash can which was stored adjacent to the Bradshaws' house at the subject property.

9. Later that same day, the ashes from the boxes ignited and started a fire, which quickly spread to the Bradshaws' house at the subject property.

10. Severe fire, smoke and water damage rendered the house uninhabitable.

11. As a direct and proximate result of the acts and/or omissions of Defendant (as are described more fully below), Subrogors sustained damage to their property, as well as additional expenses, in an amount in excess of $75,000; by operation of payments made pursuant to the terms and condition of the aforementioned insurance policy, Plaintiff became subrogated to the claims asserted in this action.

### COUNT I – NEGLIGENCE

12. Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

13. Our Board Boutique owed Subrogors a duty of care to, *inter alia*, properly dispose of cardboard boxes at the subject property.

14. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Our Board Boutique, more specifically described as follows:

> (a) Failing to exercise reasonable care in the performance of its duties at the subject property, including but not limited to carelessly and negligently performing the following:
>
> > (1) failing to competently dispose of cardboard boxes and of hot ashes and embers;
> >
> > (2) failing to properly abide by all applicable fire safety codes and regulations at the subject property;
> >
> > (3) failing to recognize, eliminate, and/or warn of the dangerous conditions presented by the hot ashes and embers resulting from the burning of the cardboard boxes;
> >
> > (4) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the disposal of the cardboard boxes and of hot ashes and embers; and/or

   (5)  failing to properly monitor the work of all agents, subcontractors and/or employees during the disposal of the cardboard boxes and of hot ashes and embers to ensure compliance with applicable safety procedures and common practices.

 (b)  failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

 (c)  failing to adequately warn Subrogors and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

 (d)  failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

 (e)  failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

 (f)  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

 (g)  violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

15. As a direct and proximate result of Defendant's acts and/or omissions, Subrogors' property was damaged and additional expenses were incurred in an amount in excess of $75,000; as described herein, Plaintiff became subrogated to claims relating thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $75,000, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**de LUCA LEVINE, LLC**

By: <u>/s/ Jeffrey M. Zielinski</u>
Jeffrey M. Zielinski, Esquire
Thaddeus S. Kirk, Esquire
de Luca Levine, LLC
Three Valley Square, Suite 220
Blue Bell, PA 19422
Ph. 215-383-0081
F. 215-383-0082
jzielinski@delucalevine.com
tkirk@delucalevine.com

*Attorneys for Plaintiff Metropolitan Group Property and Casualty Insurance Company*

Dated: August 23, 2021